# United States District Court
## NORTHERN DISTRICT OF GEORGIA

UNITED STATES OF AMERICA

v.

R<small>ICO</small> D<small>EVILLE</small> B<small>UICE</small>, <small>A/K/A</small> "C<small>ASINO</small>"

**CRIMINAL COMPLAINT**

Case Number: 1:25-mj-1206

I, the undersigned complainant being duly sworn, state the following is true and correct to the best of my knowledge and belief.

On or about November 14, 2025, in Clayton County, in the Northern District of Georgia, defendant did, knowingly and willfully combine, conspire, confederate, agree, and have a tacit understanding with others known and unknown, to violate Title 21, United States Code, Section 841(a), that is to knowingly and intentionally possess with intent to distribute a controlled substance, said conspiracy involving 400 grams or more of a mixture or substance containing a detectable amount of N-phenyl-N- [1- ( 2- phenylethyl ) -4-piperidinyl] propanamide (fentanyl), a Schedule II controlled substance, pursuant to Title 21, United States Code, Section 841(b)(1)(A), all in violation of Title 21, United States Code, Sections 846.

I further state that I am a(n) FBI Special Agent and that this complaint is based on the following facts:

   PLEASE SEE ATTACHED AFFIDAVIT

Continued on the attached sheet and made a part hereof.   Yes

*Shadae Childress*
Signature of Complainant
Shadae Childress

Based upon this complaint, this Court finds that there is probable cause to believe that an offense has been committed and that the defendant has committed it. Sworn to me by telephone pursuant to Federal Rule of Criminal Procedure 4.1.

| November 15, 2025 | at | Atlanta, Georgia |
|---|---|---|
| Date | | City and State |

REGINA D. CANNON
UNITED STATES MAGISTRATE JUDGE
Name and Title of Judicial Officer

*R. Cannon*
Signature of Judicial Officer

AUSA Thomas M. Forsyth III / 2024R00679 /
Thomas.Forsyth@usdoj.gov

**FILED IN CHAMBERS**
**U.S.D.C ATLANTA**

Date: Nov 15 2025

**KEVIN P. WEIMER**, Clerk

By: Emilia McManus
       Deputy Clerk

## AFFIDAVIT

I, Shadae Childress, a Special Agent with the Federal Bureau of Investigation ("FBI"), United States Department of Justice, depose and say under penalty of perjury that the following is true and correct to the best of my knowledge and belief:

### INTRODUCTION

1. I submit this affidavit in support of an application for a criminal complaint against the following person:

   a.  RICO DEVILLE BUICE, A/K/A "CASINO"

2. There is probable cause to believe that on November 14, 2025, in the Northern District of Georgia, Rico Deville BUICE, a/k/a "Casino," knowingly and willfully combine, conspire, confederate, agree, and have a tacit understanding with others known and unknown, to violate Title 21, United States Code, Section 841(a), that is to knowingly and intentionally possess with intent to distribute a controlled substance, said conspiracy involving 400 grams or more of a mixture or substance containing a detectable amount of N-phenyl-N- [1- ( 2-phenylethyl ) -4- piperidinyl] propanamide (fentanyl), a Schedule II controlled substance, pursuant to Title 21, United States Code, Section 841(b)(1)(A), all in violation of Title 21, United States Code, Section 846. Specifically, this affidavit details that on November 14, 2025, Rico Deville BUICE and David Estevan Montillo DIAZ were found inside the house at 1082 Holly Circle, Forest Park, Georgia 30297, with approximately 17 kilograms of suspected fentanyl, and an estimated $300,00 in U.S. currency.

1

## AFFIANT'S BACKGROUND

3. As a Special Agent with the FBI ("Agency"), I am an "investigative or law enforcement officer of the United States" within the meaning of 18 U.S.C. § 2510(7). Therefore, I am empowered to conduct investigations of and to make arrests for offenses enumerated in 18 U.S.C. § 2516.

4. I have been a Special Agent with the Federal Bureau of Investigation (FBI) since April 2023. My duties include the investigation of violations of federal criminal law throughout the North District of Georgia. Since my employment, I have been assigned to, and have participated in, numerous Organized Crime Drug Enforcement Task Force (OCDETF) investigations. Through both formal and on-the-job training, I have developed experience in investigations dealing with drug trafficking organizations (DTOs) and drug offenses set forth in the United States Code.

5. As an FBI Special Agent, I am authorized to investigate violations of federal law and to execute warrants issued under the authority of the United States. I am familiar with the ways in which criminal enterprises conduct their business, including, but not limited to, their methods of importing and distributing controlled substances, their use of telephones and their use of numerical codes and code words to conduct their transactions. I am familiar with practices used by criminal enterprises involving the collection of money proceeds of illegal acts and methods of money laundering used to conceal the nature of the proceeds, including the language and terms that are used to disguise the source and nature of the profits from their illegal acts. I have participated in investigations involving the use of electronic surveillance techniques to include, but not limited

to, court-authorized wire intercepts, video surveillance, global positioning satellite ("GPS") trackers, pen register and trap and trace devices, vehicle trackers, and body-worn monitoring devices. These investigations have included violations of statutes listed under Titles 18 and 21 of the United States Code, as well as violations under Georgia state law.

6. I have participated in investigations that identified subjects and co-conspirators through telephone records, police reporting, financial documents, drug ledgers, photographs, and other documents. Furthermore, I have led and participated in investigations concerning the identification of co-conspirators through electronic devices and services such as social media platforms, cellphones, and computers. I have also participated in and conducted debriefs of individuals who were arrested and later cooperated with law enforcement. I have participated in investigations in which the court-authorized interception of communications or other electronic surveillance tools were utilized to further the investigation.

7. Based on my training and experience, and conversations with other law enforcement personnel, I have become familiar with the methods utilized in criminal enterprises. I know criminal enterprises often require the use of a telephone facility (to include various messaging platforms installed on the telephone facility) to negotiate times, places, schemes, and manners for illegal acts and for arranging the disposition of proceeds from illegal acts.

8. From my training and experience, I know that it is common for co-conspirators within a DTO to use multiple vehicles to transport controlled substances to make "drug deals" or to transport controlled substance to "stash

3

houses." I know that vehicles will sometimes be utilized to stash the controlled substances in hopes to evade law enforcement from detection.

9. From my training and experience, I know it is common for drug traffickers to carry firearms with them for personal protection as they engaged in drug trafficking and money laundering activities with others. I also know that firearms and other weapons are commonly kept in the physical locations in which illegal drugs and illegal proceeds are stored, for protection of the drugs and money, as well as those responsible for the drugs.

10. The statements contained within this Affidavit are based in part on information derived from my personal participation in this investigation and through interviews with and analysis of reports submitted by other law enforcement officers. I also base these statements on my experience and background as a Special Agent with the FBI, as well as information provided to me by other law enforcement personnel and on information provided by confidential sources.

11. The following is based on my own investigation and investigations conducted by other law enforcement agents, including oral and written reports by other law enforcement officers, search warrants in this and other investigations, physical and electronic surveillance, interviews, subpoenaed and public records, database checks, searches, phone analysis, and other investigation and information. My interpretations of certain statements are set forth following those statements and are based upon my knowledge of this investigation and my training and experience.

## SOURCES OF INFORMATION

12. This affidavit is based upon my personal knowledge, derived from my participation in this investigation; information that I have learned from discussions with special agents and task force officers of the FBI and other law enforcement officers; from the review of written reports of investigations, arrests, and seizures; from the review of reports of physical surveillance conducted by the state and local officers or other federal agents; from the review of telephone toll records; from electronic surveillance techniques, including (but not limited to) the review of recorded or intercepted communications; from the review of reports of debriefings of sources of information and other witnesses; and information from other records and documents obtained in this investigation.

13. Unless otherwise noted, wherever in this affidavit I assert that a statement was made, the information was provided by another law enforcement officer (who may have had either direct or hearsay knowledge of the statement) to whom I have spoken or whose report I have has read and reviewed. Such statements are stated in substance, unless otherwise indicated. Wherever in this affidavit I state a belief, such belief is based upon my training and experience and the information obtained through this investigation.

14. Because this affidavit is being submitted for the limited purpose of seeking the requested criminal complaint and arrest warrant, I have not included each and every fact known about this investigation.

## PROBABLE CAUSE

15. On November 14, 2025, at approximately 10:00 p.m., FBI Atlanta and DEA Atlanta executed a search warrant on the single-family residence at 1082

Holly Circle, Forest Park, Georgia 30297. The residence is a vacation rental property that is listed on sites such as Airbnb.

16. Before executing the search warrant, agents saw two vehicles parked in the driveway, one of which (a 2023 Rivian, bearing Georgia license plate DDL7572) was parked under the carport and is registered to "Rico D. Buice" at an address in Atlanta, Georgia. The second vehicle was a white, four-door sedan that was occupied by one male, who was in possession of a firearm, but whose exact involvement is still being investigated.

17. As agents began executing the search warrant and were giving verbal commands for the male to exit the white vehicle, the Defendant, Rico Deville BUICE (a/k/a "Casino" but referred to hereafter as "BUICE") and a female ran out of the residence through a side door. Agents apprehended BUICE and the female at the rear of the residence. BUICE was in possession of two cellular devices and a rubber-banded stack of U.S. currency (the exact amount to be determined).

18. Agents gave verbal commands for others to exit the residence and a male, identified as David Estevan Montillo DIAZ (referred to hereafter as "DIAZ"), eventually came out. DIAZ, who is a resident of southern California, was the only other person inside the house. After all individuals on scene were detained and agents cleared the residence, they began their search (pursuant to the search warrant). In plain view throughout the kitchen area on the stove and in a black duffle bag, agents found an estimated total of 17 kilograms of suspected fentanyl in the form of kilogram-sized bricks, as well as an estimated $300,000 in U.S. currency in a cardboard box (*see* inset images below). Based on my training

6




and experience, this amount of fentanyl is intended for distribution, which opinion is substantiated by the large amount of currency found in the residence. Agents found three more rubber-banded stacks of U.S. currency in a bag belonging to BUICE. When an agents asked BUICE to whom the bag should be given, he first said to his mother, but then claimed it was not his



7

bag. The agent told BUICE that agents were not going to keep his bag, BUICE again said to give it to his mother.

19. For the agents' safety, they did not open the packaging to all the kilogram bricks of suspected fentanyl, but they were able to see through the packaging that some of the kilograms appeared to have a purple tint (for this reason, agents did not perform field tests on these bricks, but will submit them for laboratory testing). The one packaging of the one-kilogram brick agents did open was black in color and stamped with an "LV" (Louis Vuitton) logo (*see inset image to the right*). A field test on this brick was positive for the presence of fentanyl. Agents also found a money counter and a food sealer in the kitchen area, which I know from my training and experience are items commonly found in locations where drugs and drug proceeds are being processed.



20. In one of the bedrooms of the residence, agents found four partial kilogram-sized bricks of suspected fentanyl. In another bedroom, agents found a handgun underneath a bed, the owner of which agents will continue to investigate. Moreover, agents found two cellular devices in the residence that were damaged in a way that suggested someone tried to destroy them.

21. BUICE and DIAZ were arrested and booked into the Clayton County jail on state drug trafficking charges.

## CONCLUSION

22. Based on the foregoing, my training and experience, and information obtained through the investigation to date, I respectfully submit there is probable cause to believe that on November 14, 2025, in the Northern District of Georgia, Rico Deville BUICE, knowingly and willfully combine, conspire, confederate, agree, and have a tacit understanding with others known and unknown, to violate Title 21, United States Code, Section 841(a), that is to knowingly and intentionally possess with intent to distribute a controlled substance, said conspiracy involving 400 grams or more of a mixture or substance containing a detectable amount of N-phenyl-N- [1- ( 2-phenylethyl ) -4-piperidinyl] propanamide (fentanyl), a Schedule II controlled substance, pursuant to Title 21, United States Code, Section 841(b)(1)(A), all in violation of Title 21, United States Code, Section 846.

**END OF AFFIDAVIT**